IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD NIXON,

       Plaintiff,                          No. CIV S-03-2583 MCE PAN P

   vs.

DR. PENNER, et al.,

       Defendants.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his unverified complaint, plaintiff claims that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs by failing to properly treat an infection or fungus to his right foot. This matter is before the court on defendants' motion for summary judgment. Defendants all seek summary judgment on the grounds that there is no evidence that any of them acted with deliberate indifference to the infection or fungus on plaintiff's right foot or to his medical needs following therefrom.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

       Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©).

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See <u>Anderson</u>, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See <u>Matsushita</u>, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On July 14, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

/////

<u>No Opposition</u>

Plaintiff has not filed an opposition to the motion for summary judgment. Despite being given five extensions of time to file his opposition and being advised that the material needed to oppose the motion for summary was primarily evidentiary material not likely to be found in the law library, plaintiff requested another extension. This request was responded to with an order filed July 19, 2006 which gave plaintiff until August 8, 2006 in which to file his opposition to defendants' motion for summary judgment. Plaintiff was also advised that no further extensions of time would be granted. On August 7, 2006, plaintiff sought additional time, but his complaints about access to the law library have become routine, and it appears that he has made no effort to draft an opposition to the motion. Because the law library is not the repository of the evidence plaintiff needs to oppose this motion, and because he has had over five months in which to provide such evidence to the court, the court will proceed to issue findings and recommendations on the merits of defendants' motion. Of course, plaintiff still retains the right to file his objections to the instant findings and recommendations in the district court.

ANALYSIS

I. <u>Facts</u>

At all times relevant to this action plaintiff has been an inmate at California State Prison-Sacramento (CSP-SAC) in Represa, California. Defendants Dr. Penner and Dr. Peterson were physicians employed by the California Department of Correction and Rehabilitation (CDCR) and assigned to CSP-SAC during the relevant period. Defendant Rogers was a correctional officer at CSP-SAC during the relevant period.

Dr. Peterson did not provide medical care to plaintiff but reviewed plaintiff's treatment after plaintiff complained that he was dissatisfied with the treatment he had received.

Ten days after plaintiff first noticed a condition on his right foot he was treated by a doctor. (Pl.'s Dep. Tr. at 17.)

/////

On May 30, 2002, Dr. Penner examined and treated plaintiff for a complaint of skin infection of his foot, specifically itching and soreness of the toes of his right foot. (Pl.'s Dep. Tr. at 16; Penner Decl. at 2.) Plaintiff was diagnosed with tinea pedis ("athlete's foot") and given Tolnaftate, hydrocortisone and Velocel to treat fungus, itching and possible bacterial infection. (Penner Decl. at 2.)

Plaintiff was examined again on June 11, 2002. (Penner Decl. at 2.) Plaintiff's medication was changed to Nizorale Cream and Keflex because his condition had not responded to Tolnaftate. (Penner Decl. at 2.) On June 14, 2002, plaintiff was prescribed TAC Oil, oral doses of Keotconzole (an antifungal) and Augmentin (in lieu of Keflex). (Penner Decl. at 2.)

On June 26, 2002, a sample was collected from plaintiff's right foot and sent to a private lab to be cultured. (Penner Decl. at 2.) The lab reported results on June 29, 2002; plaintiff had a secondary bacterial infection of staphylococcus aureus and pseudomonas aeruginosa. (Penner Decl. at 2; results appended to plaintiff's complaint.) Plaintiff was prescribed Cipro based on its known effectiveness against the reported bacterial agents. Also, plaintiff was provided Betadine soaks and silvadene ointment as topical antibiotic. (Penner Decl. at 2.)

By the end of August 2002, plaintiff's fungal and bacterial infections appeared resolved. (Penner Decl. at 2.) Plaintiff continued to receive antifungal medication to prevent reinfection. (Id.)

In December 2002, the fungal and bacterial infection recurred in plaintiff's right foot; plaintiff was prescribed and provided antifungal and antibiotic medicines. (Penner Decl. at 2.) By May 2003 the December 2002 infection had resolved.

The treatment plaintiff received for his foot (fungus and bacterial infection) was consistent with community standards as well as CDCR policies and procedures. (Penner Decl. at 3; Peterson Decl. at 2.) There was no significant delay in providing plaintiff appropriate medical

/////

treatment. (Penner Decl. at 3.) To the extent treatment was delayed for several days, such delay did not cause any further injury, harm or suffering. (Penner Decl. at 3.)

II. Plaintiff's Claims

    A. Eighth Amendment

In order to prevail on his Eighth Amendment claim plaintiff must prove that he had a "serious medical need" and that defendants acted with "deliberate indifference" to that need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285). Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Whether a defendant had requisite knowledge of a substantial risk is a question of fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact that the risk was obvious. Farmer, 511 U.S. at 842. While the obviousness of the risk is not conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. Id. Deliberate indifference specifically to medical needs "may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted). However, delay

in providing medical treatment to a prisoner does not constitute deliberate indifference unless the delay causes substantial harm. Shapely v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404 (9th Cir. 1985). Additionally, "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (as amended) (1996).

Plaintiff contends that Dr. Penner acted with deliberate indifference by failing to treat plaintiff's right foot adequately. Plaintiff argues Dr. Peterson acted with deliberate indifference by failing to intervene when the initial medical treatment was not resolving plaintiff's foot infection. Plaintiff contends defendant Rogers acted with deliberate indifference by blocking plaintiff's access to medical care. It is undisputed that Dr. Penner had subjective knowledge of plaintiff's right foot infection and fungus, and that the infection constituted a serious medical need. It is also undisputed that plaintiff received medical care within ten days of the date he first noticed the problem with his foot and that medical care was provided when the initial treatment failed to resolve the infection and fungus. It is also undisputed that Dr. Penner knew plaintiff would experience various symptoms resulting from the foot infection. Drs. Penner and Peterson contend that they were not deliberately indifferent to plaintiff's foot infection and fungus because Dr. Penner took appropriate actions to treat plaintiff or alleviate his symptoms and to revise the treatment protocol once it became evident the treatment plan was not working.

The undisputed evidence demonstrates that plaintiff received medical care on numerous occasions and, when the prescribed treatment failed to resolve the infection, new medications were given to plaintiff.

Plaintiff contends that defendants' actions demonstrated deliberate indifference to his right foot infection and fungus because Dr. Penner and Dr. Peterson knew of his injury and could have treated it differently and earlier but instead deliberately delayed his medical treatment. However, plaintiff has failed to provide any facts or evidence from which a reasonable jury could

conclude that Dr. Penner intentionally delayed or denied him appropriate medical care for his foot.  To the contrary, the undisputed facts show that Dr. Penner took steps to treat plaintiff's foot, starting with Tolnaftate, hydrocortisone and Velocel and ultimately resorting to use of Cipro in an effort to stop the infection, after seeking a culture of the infection from a private lab.  It is not uncommon for doctors to first attempt more moderate treatment to resolve infections; it takes time for medications to work, so some delay is inevitable while the doctors waited to see if the medication made a difference.  Plaintiff provides no evidence that the treatment plan used by Dr. Penner was diagnosed with the intention of delaying the medical treatment of plaintiff's foot, nor provided medical evidence that this treatment was inconsistent with community standards.

Moreover, plaintiff has produced no evidence to show that any delay in receiving medical care caused him substantial harm.  Plaintiff provided no evidence that the infection worsened from the date he was first treated and the date the infection finally resolved.  Certainly the infection and fungus itched and made plaintiff uncomfortable.  While plaintiff did state that he experienced several symptoms resulting from the foot infection, the undisputed evidence shows that defendant Penner took various steps to alleviate plaintiff's symptoms while waiting to see whether each new treatment would finally resolve the infection, which it did.

This court finds that plaintiff has not presented evidence sufficient to create a triable issue of material fact as to whether Dr. Penner was deliberately indifferent to plaintiff's serious medical needs or that he deliberately delayed treatment to plaintiff's foot.  Dr. Penner is therefore entitled to summary judgment on plaintiff's Eighth Amendment claim.

Because Dr. Penner has demonstrated that he provided medical care that comported with community standards, Dr. Peterson is also entitled to summary judgment.  There is no evidence that Dr. Peterson provided treatment of plaintiff's foot.  The sole connection Dr. Peterson had to plaintiff was to review plaintiff's administrative appeal concerning plaintiff's medical care.  Dr. Peterson was not required to intervene where Dr. Penner was providing adequate medical care for plaintiff's foot.  Plaintiff's evidence is insufficient to create a triable

issue of material fact as to whether defendant Peterson was deliberately indifferent to plaintiff's serious medical needs. Dr. Peterson is therefore entitled to summary judgment on plaintiff's Eighth Amendment claim.

The sole remaining defendant is Sgt. Rogers. Plaintiff contends defendant Rogers

> exhibited deliberate indifference towards plaintiff's genuine health concerns when he stated, "If it's not life threatening we don't have to let you see a doctor." He further exhibited deliberate indifference when he ordered plaintiff placed in the holding cage for seeking medical treatment. Defendant Rogers acted with a sufficiently capable state of mind when he made the statements herein and thus failed to and obstructed needed treatment.

(Complaint at 8.) However, in his deposition, plaintiff conceded that he was seen by Dr. Penner only a few days after the incident with defendant Rogers. (Pl.'s Dep. Tr. at 36.) Moreover, defendants have provided a declaration by Dr. Penner stating that "there was no significant delay in plaintiff receiving the necessary and appropriate treatment and to the extent that any treatment was delayed for several days, the delay did not cause any further injury, harm or suffering." (Penner Decl. at 3.) Moreover, in Dr. Penner's medical opinion, the fungal and bacterial infection present in plaintiff's foot was not "acute, life threatening or accompanied by significant pain." (Penner Decl. at 3.) Dr. Penner opined that the "infection did not pose a risk of irreparable harm or serious injury." (Id.). Plaintiff has provided no evidence to the contrary. Accordingly, defendant Rogers is also entitled to summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' February 8, 2006 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1

nixo2583.msj